WILSON, Circuit Judge,
concurring in part and dissenting in part:
The majority returns this case to the district court so that it may determine whether Kidd’s statement about what Roli-son told her is admissible as an exception to the hearsay rule. See Majority Op. at 1210-11. Respectfully, I dissent.[1] The majority instructs the district court to determine whether Rolison’s comment was his own personal opinion or something he heard directly from the Mando decision makers. See id. But at oral argument, Kidd’s counsel, who deposed Rolison, conceded that Rolison’s comment was “his own perception.” It seems unnecessary, then, to return this case back to the district court to determine whether Rolison’s comment was based on his own opinion or on information received from the Mando decision makers. Doing so provides Kidd with a second opportunity to survive summary judgment, an opportunity the typical Title VII plaintiff does not enjoy. Kidd said it was Rolison’s own perception that Mando was not going to hire any Americans for the assistant accounting manager job. We should leave it at that, which is what the district court did the first time around.
Moreover, it was incumbent on Kidd’s counsel to present a hearsay exception argument if there was a legitimate basis for it. The reason Rolison’s “vague statement” was not “fully explored below” is because Kidd never made a hearsay exception argument to the district court. See id. Nor was any such argument made in the briefs on this appeal. It is not this court’s job to craft arguments for counsel.
I would affirm the summary judgment entered by the district court. Kidd says Rolison told her that no Americans were considered for the job. Rolison denies this, but we must accept Kidd’s version of the events. The district court then found that Rolison was not a decision maker and that he had “no hand in the final decision as to whom to hire” for the assistant accounting manager position. Kidd also conceded this fact at oral argument and admitted that Rolison’s only role in Mando’s employment decision was to gather resumes and forward them to his supervisors. In other words, there is no factual dispute about Rolison’s role. Assuming the statement was made and, arguendo, it is admissible, Kidd’s claim still fails based on our precedent. Rolison’s “vague statement” is not nearly enough to create a material issue of fact on pretext. See Alvarez v. Royal Atl. Developers, Inc., 610 *1213 F.3d 1253, 1268 (11th Cir.2010) (Carnes, J.) (holding comment made by non-decision maker “too weak to raise a genuine fact issue”); see also Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1455-57 (11th Cir.1997) (per curiam) (comments by low-level supervisors repeating management’s discriminatory comments are inadmissible hearsay). Consequently, I would affirm the district court’s grant of summary judgment.

. I concur in the remainder of the opinion, affirming the decision by the district court.